FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. COLEMAN, | No. 09-57031 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02606-JFW-PJW |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Robert E. Coleman, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and violation of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for Drs. Smith and Ofoegbu because Coleman failed to raise a genuine issue of material fact as to whether these defendants were deliberately indifferent to his knee problems and high blood pressure. *See id.* at 1057-58 (prison officials must know of and disregard a substantial risk of serious harm for their conduct to constitute deliberate indifference; negligence and a mere difference of opinion is insufficient).

The district court properly granted summary judgment for the Internal Classification Committee defendants because Coleman failed to raise a genuine issue of material fact as to whether these defendants were personally involved in denying a transfer for physical therapy. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court properly granted summary judgment for the California Department of Corrections and Rehabilitation on Coleman's Rehabilitation Act claim because Coleman failed to raise a genuine issue of material fact as to

whether he had a disability. *See Sanders v. Arneson Prods., Inc*., 91 F.3d 1351, 1354 (9th Cir. 1996) (definition of disability). Moreover, Coleman failed to raise a triable issue as to whether he was denied benefits on account of his claimed disability or denied a reasonable accommodation in violation of the Rehabilitation Act. *See O'Guinn v. Lovelock Corr. Ctr*., 502 F.3d 1056, 1060 (9th Cir. 2007) (elements of a Rehabilitation Act claim); 28 C.F.R. § 35.130(b)(7) (addressing reasonable accommodations).

Coleman's remaining contentions, including those concerning discovery, are unpersuasive.

**AFFIRMED.**

09-57031